UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IRENE GASKINS,<br>   *Plaintiff*, | )   3:21-CV-440 (SVN)<br>)<br>) |
| v. | )<br>) |
| BANKERS LIFE & CASUALTY CO.,<br>LESLIE P. ROLLINS,<br>   *Defendants*. | )<br>)   February 23, 2022<br>) |

**ORDER OF DISMISSAL**

Sarala V. Nagala, United States District Judge.

On February 26, 2021, Plaintiff Irene Gaskins, through counsel, brought a seven-count action in Connecticut state trial court against Defendants, Bankers Life and Casualty Company ("Bankers Life"), an insurance company, and Leslie P. Rollins, an insurance agent. ECF No. 1-2, Ex. A Compl. Gaskins claimed that Bankers Life and Rollins breached their fiduciary duties, converted funds, committed statutory theft, violated the Connecticut Unfair Trade Practices Act, and were negligent. *Id.* at 4–11. On March 30, 2021, Defendants removed the action to the United States District Court for the District of Connecticut, invoking the Court's diversity jurisdiction. ECF No. 1, ¶¶ 6–7.

In September and October of 2021, Gaskins' counsel filed motions to withdraw as her attorneys pursuant to Local Rule 7(e), citing a breakdown in communications between Gaskins and her counsel. ECF Nos. 32, 34. On October 19, 2021, the Court granted the motions, but instructed counsel to "send written notice to the plaintiff informing her that, unless she hires substitute counsel who appears or files a notice indicating that she intends to represent herself, her case may be dismissed for failure to prosecute." ECF No. 36.

By December 8, 2021, Gaskins had neither indicated her intent to represent herself or hired substitute counsel who appeared.  Accordingly, the Court ordered Gaskins to either hire substitute counsel who appears or file a notice indicating her intent to represent herself by January 8, 2022.  ECF No. 38.  The Court instructed that Defendants may move for dismissal for failure to prosecute if Gaskins did not comply with this order.  *Id.*  The Court directed the Clerk to mail a copy of the order to Gaskins at the address listed for her in the civil summons form, ECF No. 1-2 Ex. A at 4.  On January 10, 2022, Bankers Life filed a motion to dismiss for failure to prosecute under Fed. R. Civ. P. 41(b), which Rollins moved to join.  ECF Nos. 39, 40.

That Rule provides, in relevant part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b).  A federal district court "has the power under Fed. R. Civ. P. 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute."  *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995).

The Second Circuit has instructed that "dismissal for failure to prosecute is a harsh remedy to be utilized only in extreme situations."  *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citation and internal quotation marks omitted).  The Court should consider a variety of factors, including "whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions."  *Id.*; *see also*

2

*Cayo v. Stop & Shop Supermarket Co., LLC*, No. 3:12-cv-638 (WWE), 2013 WL 1501689, at *1 (D. Conn. Apr. 10, 2013) (same).

To date, Gaskins has not indicated whether she intends to represent herself or hire substitute counsel, responded to Bankers Life's motion to dismiss, or otherwise prosecuted the case. The last substantive activity in the case occurred in June of 2021, when the Court held a scheduling conference. ECF No. 28. Since then, the only activity by Gaskins has been her counsels' motions to withdraw. ECF Nos. 32, 34. As such, dismissal is warranted in this case. Gaskins was first informed in October of 2021, approximately four months ago, that she needed to either hire substitute counsel or notify the Court of her intent to represent herself. Nearly three months ago, she was warned that failure to do so would result in dismissal of the case, and a physical notice of the Court's warning was mailed to her last known address. Approximately six weeks ago, Bankers Life mailed a copy of its motion to dismiss to Gaskins at her last known address. ECF No. 39-1 at 8. Thus, for more than four months Gaskins has been repeatedly and regularly informed that her failure to prosecute would result in dismissal of the case. Her actions have caused significant and undue delay in the progression of this matter, to Defendants' detriment. These factors weigh determinatively in favor of dismissal.

To appropriately balance Gaskins' right to an opportunity for a day in court and the extreme nature of dismissal for failure to prosecute, however, the Court will dismiss this case without prejudice to filing a motion to reopen for a period of three months. Specifically, Gaskins may file a motion to reopen this case on or before **May 23, 2022.** Any such motion must show good cause for her failure to timely inform the Court of her intent to represent herself or hire substitute counsel and her failure to timely respond to Bankers Life's motion to dismiss. If Gaskins fails to file a

3

motion to reopen before May 23, 2022, the Court will convert this dismissal into one with prejudice.

## CONCLUSION

**Defendants' Motion to Dismiss, ECF Nos. 39 and 40, is GRANTED in part. The case is DISMISSED without prejudice for Plaintiff's failure to prosecute pursuant to Fed. R. Civ. P. 41(b).** If Plaintiff fails to file a motion to reopen that complies with this order by May 23, 2022, the Court will convert this dismissal into one with prejudice.

The Clerk is directed to close this case without prejudice. The Clerk is further directed to mail a copy of this order to Plaintiff at 34 South Road, Enfield, Connecticut, 06082.

**SO ORDERED** at Hartford, Connecticut, this 23rd day of February, 2022.

                                         */s/ Sarala V. Nagala*
                                         SARALA V. NAGALA
                                         UNITED STATES DISTRICT JUDGE